UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| KENYA BROWN,<br>    Plaintiff,<br><br>v.<br><br>SCOTT SEMPLE, et al.,<br>    Defendants. | Case No. 3:17-cv-1328 (SRU) |

## RULING ON REQUEST FOR PROTECTIVE ORDER

On August 7, 2017 Kenya Brown ("Brown"), incarcerated and *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983 against Department of Correction ("DOC") Commissioner Scott Semple, Dr. Elizabeth Coursen, Dr. Paul Chaplin, Dr. Berger, Nurse Jane Ventrella, "C.S.W." Matthew Green, Deputy Warden Jeffery Zegerzewski, Counselor Michelle King, Lieutenant Paulsinski, Warden Antonio Santiago, Dr. Josylyn Cruz, Dr. Henry Crabb, and Nurse Nicole Karabestos for violating his rights under the First Amendment, Eighth Amendment, and the Prison Rape Elimination Act of 2003 ("PREA") under 42 U.S.C. §§ 15601-15609. On September 13, 2017, I issued my Initial Review Order (Doc. #11) dismissing Brown's PREA claim and Eighth Amendment claim for deliberate indifference to medical needs. The defendants have not yet responded to the complaint.

On September 25, 2017, Brown filed a motion for a protective order under Fed. R. Civ. P. 26(c) in which he alleges that Coursen, whom he is suing for sexual abuse, has been contacting him repeatedly over the last few months. Request for Protective Order at 2 (Doc. #15). Brown, therefore, seeks a protective order prohibiting Coursen from contacting him so that he could avoid any possible retaliation. *Id.* For the following reasons, I DENY his request.

"Absent a court order limiting its permissible range, '[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.'" *Gardner v. Univ, of Conn. Health Ctr.*, No. 3:12-cv-1168 (CSH), 2013 WL 6073430, at *1 (D. Conn. Nov. 18, 2013) (quoting Fed. R. Civ. P. 26(b)). I may, however, for good cause, limit discovery by issuing a protective order, which seeks "'to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Id.* (quoting Fed. R. Civ. P. 26(c)). "In general, a protective order may only be issued upon a finding of 'good cause,' which calls for a sound basis or legitimate need to limit discovery of the subject information." *Id.* at *2 (quoting Fed. R. Civ. P. 26(c)). It is the burden of the party seeking the order to show good cause for the issuance of a protective order. *Id.* "'Good cause' may be established upon a showing that 'disclosure will work a clearly defined and very serious injury' to the party seeking protection." *Id.* (quoting *Uniroyal Chem. Co., Inc. v. Syngenta Crop Prot.*, 224 F.R.D. 53, 56 (D. Conn. 2004)).

In this case, Brown has not identified any specific discovery request by Coursen from which he seeks a protective order. He seeks a blanket order prohibiting Coursen from contacting him for any reason. Such an order is not warranted because Coursen is a defendant to this case and requires communication with Brown, the plaintiff, in order to conduct discovery and prepare a defense to Brown's claims. Brown has not shown that Coursen's communications are designed to annoy, embarrass, or oppress him or that they seek privileged information. Therefore, he has not shown good cause for the issuance of a protective order.

To the extent Brown seeks a *restraining* order or some other form of preliminary injunctive relief, his request remains insufficient. Preliminary injunctive relief may be issued

2

"where 'specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition' and the movant 'certifies in writing any efforts made to give notice and the reasons why it should not be required.'" *Oliphant v. Villano*, No. 3:09-cv-862 (JBA), 2010 WL 537749, at *12 (D. Conn. Feb. 11, 2010) (quoting Fed. R. Civ. P. 65(b)). Preliminary injunctive relief is an extraordinary remedy and is never awarded as a matter of right. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *Johnson v. Newport Lorillard*, No. 3:01-cv-9587 (SAS), 2003 WL 169797, at *1 (S.D.N.Y. Jan. 23, 2003). "In deciding a motion for preliminary injunction, [I] may consider the entire record including affidavits and other hearsay evidence." *Johnson* at *1.

A party seeking a preliminary injunction must establish (1) he will suffer irreparable harm in the absence of the injunction and (2) either a likelihood of success on the merits or "sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." *Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996) (internal quotation marks omitted). *See also Shapiro v. Cadman Towers, Inc.*, 51 F.3d 328, 332 (2d Cir. 1995); *Mitchell v. Cuomo*, 748 F.2d 804, 806 (2d Cir. 1984). With respect to the first prong, when a movant's claim involves the alleged deprivation of a constitutional right, "no further showing of irreparable injury is necessary." *Mitchell* at 806. As for the second prong, a higher standard applies where the injunction sought "is properly characterized as a 'mandatory' rather than 'prohibitory' injunction." In that situation, the movant "must make a 'clear' or 'substantial' showing of a likelihood of success." *Jolly* at 473

(quoting *Tom Doherty Assocs., Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 33-34 (2d Cir. 1995)).

The present record, which consists only of a complaint, is insufficient to warrant any form of preliminary injunctive relief. Brown has not shown that he will suffer irreparable harm in the absence of an order prohibiting Coursen, a defendant in the case, from contacting him. Moreover, granting Brown's request would substantially limit the ability of both parties to conduct discovery in this case or resolve their disputes prior to trial. Therefore, to the extent Brown seeks any form of injunctive relief at this point, his request is DENIED without prejudice.

## ORDER

Brown's request for a protective order (**Doc. #15**) is DENIED without prejudice subject to refiling at a later stage of litigation.

SO ORDERED at Bridgeport, Connecticut this 22nd day of January 2018.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge