UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| KENYA BROWN, | : | |
| --- | --- | --- |
|     Plaintiff, | : | |
| | : | |
| v. | : | 3:17-cv-1328 (SRU) |
| | : | |
| SCOTT SEMPLE, et al., | : | |
|     Defendants. | : | |

## **RULING ON MOTION TO CORRECT INITIAL REVIEW ORDER**

On August 7, 2017, Kenya Brown ("Brown"), incarcerated and *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983 against Department of Correction ("DOC") Commissioner Scott Semple, Dr. Elizabeth Coursen, Dr. Paul Chaplin, Dr. Berger, Nurse Jane Ventrella, "C.S.W." Matthew Green, Deputy Warden Jeffery Zegerzewski, Counselor Michelle King, Lieutenant Paulsinski, Warden Antonio Santiago, Dr. Josylyn Cruz, Dr. Henry Crabb, and Nurse Nicole Karabestos for violating his rights under the First Amendment, Eighth Amendment, and the Prison Rape Elimination Act of 2003 ("PREA") under 42 U.S.C. §§ 15601-15609. On September 13, 2017, I issued my Initial Review Order (Doc. #11) dismissing Brown's PREA claim and Eighth Amendment claim for deliberate indifference to medical needs. The defendants have not yet responded to the complaint.

On September 22, 2017, Brown filed a motion to reconsider the Initial Review Order and reinstate his Eighth Amendment claim against defendants Berger, Chaplin, and Cruz, which he states is for "deliberate indifference to mental health care" and argues is distinguishable from deliberate indifference to medical needs. Mot. for Recons. (Doc. #14). Brown contends that he has stated sufficient factual allegations showing that defendants Berger, Chaplin, and Cruz "conspired to ban him from therapy to make him whole again" after he was repeatedly abused by

Dr. Coursen. I will **GRANT** Brown's motion to reconsider the Initial Review Order but **DENY** the relief requested therein.

As an initial matter, Brown's attempt to draw a distinction between a claim for deliberate indifference to serious medical needs and what he argues is his claim of deliberate indifference to mental health is immaterial. The Second Circuit has held that the deliberate indifference standard applies to both physical and psychiatric care provided to inmates at a prison. *See Langley v. Coughlin*, 888 F.2d 252, 254 (2d Cir. 1989); *see also Young v. Choinski*, 15 F. Supp. 2d 172, 184 (D. Conn. 2014) (deliberate indifference standard is equally applicable to constitutional adequacy of psychological or psychiatric care provided at prison). Thus, I correctly analyzed Brown's claim against Berger, Chaplin, and Cruz as one of deliberate indifference to medical needs.

In support of his Eighth Amendment claim, Brown alleges that Berger, Chaplin, and Cruz "conspired . . . to ban [him] from therapy to make him whole again, and/or entertain the full nature of his claims against [Dr.] Coursen." Compl. at 17. In addition to preventing him from seeking redress for his problems with Dr. Coursen, Brown alleges that these three defendants knowingly placed him with Dr. Frane, with whom he had a conflict of interest, thereby preventing him from receiving appropriate therapy for his mental health needs. *Id.* at 14. This caused Brown to become addicted to Klonopin and suffer "severe mental anguish." *Id.*

I already permitted Brown's First Amendment retaliation claim to proceed against Berger, Chaplin, and Cruz for their alleged confiscation of his grievances and other efforts to prevent him from seeking redress for the sexual abuse. *See* Initial Review Order (Doc.#11) at

2

11. Brown's attempt to raise a separate claim of "deliberate indifference to mental health" against those same defendants is insufficient.

In order to prevail on his deliberate indifference claim, Brown must show both that his medical need was serious and that the defendants acted with a sufficiently culpable state of mind. *See Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) (citing *Estelle v. Gamble*, 492 U.S. 97, 105 (1976)). The medical condition must be "one that may produce death, degeneration, or extreme pain." *See Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) (internal quotation marks omitted). Subjectively, the defendants must have been actually aware of a substantial risk that Brown would suffer serious harm as a result of their conduct. *See Salahuddin v. Goord*, 467 F.3d 263, 280–81 (2d Cir. 2006).

It is unclear from his complaint and his motion for reconsideration what mental health condition, if any, he claims to suffer from or the extent to which Berger, Chaplin, and Cruz knew about his condition. Even if Brown could satisfy the objective component of the deliberate indifference standard, he has not stated sufficient factual allegations to show that the defendants sought to deprive him of mental health treatment or acted in such a way that they knew could cause Brown to suffer serious mental anguish. Even accepting as true Brown's allegation that the defendants placed him with Dr. Frane, with whom they knew he had a "conflict of interest," that allegation does not show how the defendants were deliberately indifferent to his mental health needs. Brown's deliberate indifference claim against the three defendants is tenuous and devoid of factual support. Therefore, his Eighth Amendment deliberate indifference claim against Berger, Chaplin, and Cruz remains DISMISSED.

**ORDERS**

Brown's motion to reconsider the Initial Review Order (Doc.#14) is GRANTED, but the relief requested therein is DENIED. His Eighth Amendment deliberate indifference claim against Berger, Chaplin, and Cruz remains DISMISSED.

SO ORDERED at Bridgeport, Connecticut this 22nd day of January 2018.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge
